Edward BOWEN and Donald Westbrook, Plaintiffs-Appellants

v.

Charlie WATKINS, et al., Defendants-Appellees.

No. 82–4347
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 23, 1983.

Rehearing and Rehearing En Banc Denied July 5, 1983.

---

Colom, Mitchell & Colom, Wilbur O. Colom, Columbus, Miss., for plaintiffs-appellants.

Gholson, Hicks & Nichols, Dewitt T. Hicks, Jr., Columbus, Miss., for defendants-appellees.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Plaintiffs appeal from a Finding of Fact made by the trial judge following a remand by an earlier panel of this court. The background of the case is adequately reported in the earlier panel opinion. *Bowen v. Watkins,* 669 F.2d 979 (5th Cir.1982). We thus present here only those facts necessary to the disposition of this appeal.

### I.

In summary, the plaintiffs filed the original action for declaratory, monetary, and injunctive relief against the City of Columbus, Mississippi, the Chief of Police, Watkins, the mayor and several city council members after they failed to be promoted to a vacant lieutenant position in the police department allegedly because they had exercised their first amendment rights. The plaintiffs amended their complaint at trial to add a claim that the Chief of Police further failed to recommend any promotions during the pendency of the litigation and that this was unlawful discrimination against them for filing the law suit. The earlier panel found that the case was governed by *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), that the plaintiffs had shown that their activity was constitutionally protected[1] and that, as to the Chief of Police, the covered activity was a "substantial" or "motivating" factor in the Chief's decision not to recommend them for promotion.[2] *Bowen,* 669 F.2d at 983, 985. The earlier panel then remanded the case to the district court to determine whether the same decision would have been reached absent the constitutionally protected conduct. *Bowen,* 669 F.2d at 987.

On remand, the district judge made only the following finding:

> The overwhelming proof in this case clearly convinces the court that the same decision would have been reached absent the constitutionally protected conduct. Budgetary problems and the availability of unnecessary manpower in another division of the police department led Chief Charlie Watkins to recommend and the

---

1. After Chief Watkins recommended promoting another police officer instead of either of them, the plaintiffs requested a hearing before the city council to present certain charges against the recommended officer, Pickens, of which the city council was unaware. That hearing resulted in a rescission of Pickens' promotion. *Bowen,* 669 F.2d at 982. Rather than promoting one of the two plaintiffs who were admittedly qualified for the job, the police chief transferred a lieutenant (Oswalt) from the Detective Division into the vacant lieutenant slot in the Uniform Division.

    Between the time the suit was filed and the bench trial on the merits, three lieutenant slots came open in the Detective Division. None of these vacancies had been filled at the time of trial even though the plaintiffs were qualified for the positions. The plaintiffs contend that their actions in requesting a hearing and in filing the instant suit resulted in their failure to be promoted. Such actions are protected by the first amendment.

2. The panel found that the city council had not violated the plaintiffs' first amendment rights with respect to either protected activity. *See Bowen,* 669 F.2d at 985 & n. 8. It held that the council members might be liable if the chief's decision violated the plaintiffs' rights and the council had legally failed to prevent the challenged action. *See Bowen,* 669 F.2d at 985 n. 5, 987–89.

city council to determine that a transfer should be made rather than a promotion.

We note at the outset that while the earlier panel's remand may have lacked clarity, a reading of the opinion makes it clear that the plaintiffs had engaged in two separate instances of protected activity and that their claims of unlawful discrimination were based on two separate sets of facts. The first claim arises from the facts surrounding the hearing before the city council and Chief Watkins' decision to transfer Lieutenant Oswalt rather than to promote one of the plaintiffs. The second claim concerns the failure of Chief Watkins to recommend promotion of either of the plaintiffs to the subsequent vacancies in the Detective Division, allegedly because of the pending litigation. In other words, on remand the focus was to be on Chief Watkins' decisions not to recommend the promotion of the plaintiffs in each of the two instances. As is plain from the district court's skeletal finding on remand, it did not consider the second basis of the plaintiffs' claim even though the earlier panel clearly indicated the separate aspects of the claims. See Bowen, 669 F.2d at 984.

Notwithstanding the limited nature of the district court's finding with respect to the first claim, we do not find the district court clearly erroneous, and we thus affirm that finding. Since the district court's finding is silent on the second claim, we must, unfortunately, remand for a second time for further consideration and findings by the district court.

## II.

The plaintiffs argue that the district court's finding in regard to the transfer decision is clearly erroneous. They base their contention in substantial part on the fact that the alleged budgetary considerations for the chief's decision are essentially fictional. In support of this contention the plaintiffs presented evidence that the salary difference in promoting one of the plaintiffs to lieutenant would have been only $83 per month, or a little over $400 for the remaining six months of the city's fiscal year, that the city ended the fiscal year (September 30, 1979) with a $1,400,000 surplus, and that the police department ended the fiscal year with a $6,000 surplus.

The plaintiffs further claim that even if there were budget problems in May when the transfer was made, the transfer was not formally ratified by the city council until August 1979, only six weeks prior to the end of the fiscal year when the budget problems seemed to have receded, with the inference to be drawn that budget problems could not have been the basis of the choice of transfer over promotion.

As for the finding concerning "unnecessary manpower" in the Detective Division, the plaintiffs contend it to be clearly erroneous because the evidence showed that the case load of the Detective Division had gone up substantially and yet there remained three vacancies in the Division at the time of trial. The vacancy in the Detective Division, created by the transfer of Lieutenant Oswalt from the Detective Division to the Uniform Division, had been left unfilled from that time (May 1979) to the date of the trial. Additionally, two more vacancies had occurred in the Detective Division, neither of which had been filled. The Detective Division thus remained the only division in the police department without a lieutenant. The plaintiffs argue that such evidence belies the finding of "unnecessary manpower" in this division as a basis for making the transfer rather than granting a promotion, and thus renders the finding clearly erroneous.

## III.

The question of whether the plaintiffs would have been denied the promotion irrespective of their request for a hearing before the city council on the Pickens promotion is a question of fact to be resolved by the trial judge. Accordingly, we may not reverse unless the trial court's judgment was clearly erroneous. Fed.R.Civ.P. 52(a). We may thus reverse only if "on the entire evidence [we are] left with the definite and firm conviction that a mistake has been committed." United States v. United

States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 541, 92 L.Ed. 746 (1948); Bowen v. Watkins, 669 F.2d 979, 984 (5th Cir.1982).

Although the district court did not favor us with the subsidiary facts underlying its determination, a review of the evidence shows the following facts which support its finding.

With respect to the factual setting for the budgetary considerations, the evidence showed that in April 1979, Columbus was flooded, and as a result of unexpected expenditures, the city was $45,000 over its budget at the time the decision to transfer was made. Only six months into the fiscal year the police department alone had overspent its six-months projected expenditure by more than $11,000, a situation which if continued, would have resulted in an overexpenditure of $20,000 by that department alone. The budget upon which the plaintiffs relied to show that the police department had a year-end surplus represented a later upward revision of the police department budget by $25,000.

At the time of the transfer decision, it was the expressed belief of Chief Watkins that he had enough lieutenants in the Detective Division so that shifting one (Lieutenant Oswalt) would not disturb the department. By transferring a lieutenant rather than promoting a sergeant, the police department would not only save the salary differential between sergeant and lieutenant, but would also avoid bringing someone in to replace the sergeant who had been promoted and ultimately adding an additional person to the police payroll.

The plaintiffs counter that the city and police department experienced no budgetary problems in fiscal year 1979 by showing the city's fiscal year-end financial statement. This contention ignores the point that we are concerned with the budgetary situation as understood by Chief Watkins at the time the decision to transfer rather than to promote was made. The plaintiffs' reliance on the fact that both the police department and the city as a whole ended

the fiscal year with a cash balance also ignores the realities of municipal financial operations. The fact that the city retained a cash balance at the end of its fiscal year does not translate into a surplus as the term is ordinarily understood. As the evidence showed, the city received the bulk of its revenues in the first part of the calendar year while its expenditures continued throughout the entire twelve months. The cash balance was to be utilized for municipal operations for the remainder of the calendar year.

Moreover, contrary to the plaintiffs' assertions that budgetary considerations played no real part in the chief's decision to recommend a transfer rather than a promotion, the Chief of Police, who was credited by the district court, testified clearly and unequivocally on several occasions that the budgetary considerations were a major factor in his decision. He specifically denied that this factor was only a secondary consideration.

Even assuming that there were budget problems in the spring of 1979, the plaintiffs contend that the formal ratification of the transfer was made by the city council in August 1979, only six weeks prior to the end of the fiscal year when the police department had a $6,000 cash balance. The inference they wish to be drawn is that there were no budget problems at the time of formal ratification. The question of whether there were budget problems at the time of formal ratification by the city council, however, is not at all crucial to our consideration here.

On the remand, the question before the district court was whether Chief Watkins, not the city council,[3] would have made the same decision to transfer Lieutenant Oswalt to the vacant lieutenant's position in the Uniform Division rather than to promote one of the two plaintiffs had the plaintiffs not requested the city council hearing. Thus the plaintiffs' contention that the district court was clearly erroneous

**3.** The prior panel held that the city council was not substantially motivated by the constitution-ally protected activity in its ratification of the transfer decision. Bowen, 669 F.2d at 985.

in not drawing the inference that budgetary considerations were not the basis of Chief Watkins' decision from the fact that formal ratification of the transfer did not occur until August 1979, is not convincing, since it is the decision made in May 1979 with which we are concerned.

Thus, notwithstanding the plaintiffs' contentions, in view of the evidence and the testimony, the district court was not clearly erroneous in holding that the chief, in making the May 1979 decision to transfer rather than promote, would have made the same decision because of budgetary considerations irrespective of whether the plaintiffs had engaged in a protected activity.

Similarly, when the record is examined in regard to the transfer decision, no inference helpful to the plaintiffs may necessarily be drawn from the fact that lieutenant vacancies in the Detective Division had not been filled at the time of the hearing on this case.

At the time of the transfer decision, which we again emphasize is the crucial time in establishing motive for the transfer, the Detective Division, in which Bowen and Westbrook were sergeants, had three lieutenants. Lieutenant Oswalt, who had previously worked for six years in the Uniform Division, was transferred to the vacant lieutenant's slot in that department. One of the remaining lieutenants, Lieutenant Dowdle, was transferred to the county narcotics unit in January 1980. With him were transferred all responsibilities for the narcotics investigations previously carried out by the Detective Division. The third lieutenant, Lieutenant Glover, was promoted to Assistant Chief of Police approximately thirty days prior to the hearing on this case.

The plaintiffs contend that the case load of the Detective Division had increased substantially and yet none of the lieutenant vacancies had been filled. As it bears on the transfer decision, however, this evidence, if relevant at all, would tend to bolster the defendants' "overstaffing" claim since the department was still operating with not just the one unfilled lieutenant slot—that of Lieutenant Oswalt who was transferred—but without all three lieutenants who had been part of the "overstaffed" department.

In determining the motive behind the chief's decision to recommend a transfer rather than a promotion in May 1979, the district court cannot be required to give weight to subsequent events over which, as far as the record shows, the chief had no control. The finding of the district court that overstaffing in one division in May 1979, along with budgetary considerations, would have resulted in the transfer of one of the lieutenants in that division rather than the promotion of one of the plaintiffs irrespective of the plaintiffs' protected activity, is not clearly erroneous.

## IV.

The second aspect of the plaintiffs' claims, on which the district court made no findings, involves the chief's decisions not to recommend the filling of any lieutenant slots which opened up during the pendency of this litigation.

The plaintiffs contend that the failure to promote one of them to one of the three lieutenant vacancies in the Detective Division was a result of their filing suit against the city, an activity which the previous panel found to be constitutionally protected. In support of this allegation they point to Chief Watkins's testimony that he "didn't think it was a good idea to recommend anything while this is in litigation." [4]

The city defendants, on the other hand, claim that there was only one lieutenant vacancy in the Detective Division. That vacancy was occasioned by Lt. Glover's promotion to Assistant Chief of Police shortly before the hearing on the merits of this case and was in the process of being filled at the time of the hearing.

---

**4.** We do not pass upon whether this may have been an inadvertent statement during cross-examination or whether it deserves to be placed in the context of all the testimony. We leave this question with the district court.

■ As the earlier panel stated, "[i]t is not our function to weigh this evidence." *Bowen,* 669 F.2d at 987. A determination of whether Chief Watkins failed to promote either of the plaintiffs to these vacancies during the relevant period because the plaintiffs had instituted this law suit, or whether the vacancies were not filled for some other reason, is a question of fact to be resolved by the trial judge in the first instance. We thus re-remand this question to the district court for appropriate findings.

### V.

We have reviewed this case in the light of the earlier panel's remand. That remand, in one part, required the district court to determine whether the Chief of Police would have transferred Lieutenant Oswalt rather than promoting one of the two plaintiffs even if the plaintiffs had not exercised their first amendment rights. Though lean in its wording, the finding is nevertheless clear that the district court has determined, as a matter of fact, that the two plaintiffs would not have been promoted to the vacancy in the Uniform Division even had they not exercised their constitutionally protected rights.

It must be kept in mind that this is a determination of fact. It involves credibility choices which to a very large and significant extent depend upon weighing the testimony and observing the demeanor of the witnesses. This is the distinct and unique province of the district judge. We are not to reverse unless, after reviewing the entire record, we are firmly and definitely convinced that a mistake has been made. In the light of the full record before us, we are not prepared to hold that the district court was clearly erroneous.

Our holding does not mean that there were no facts to support a different conclusion. The plaintiffs make strong and forceful arguments that a different conclusion should have been reached. We are not gainsaying the point that there is evidence in the record to support these views. There was, however, equally substantial evidence to support the district court's conclusion, and combined with the district court's unique role of weighing the credibility of the witnesses, we cannot say that the district court's finding is clearly erroneous.

### VI.

We must, however, remand for appropriate findings by the district court the plaintiffs' second claim that they were not promoted to the vacancies in the Detective Division because of the instigation of this law suit. The district court should consider these claims thoroughly and analytically and should make such specific and subsidiary findings of fact as necessary to support any ultimate finding it may reach. If the court finds that the chief unlawfully failed to recommend either of these plaintiffs for promotion, the district court should then determine, by specific findings, which, if any, of the city defendants are liable, and whether the city itself is liable, following the guidelines of the earlier panel's opinion. *See Bowen,* 669 F.2d at 987–90. Based on the record before us, it appears that additional hearings may be required, but we, of course, leave this to the discretion of the trial judge.

### VII.

In summary:

1. We affirm the district court with respect to the decision of Chief Watkins to recommend the transfer of an officer rather than the promotion of one of the plaintiffs in May 1979, and therefore this aspect of the case need not be further considered on remand.

2. Since we have affirmed the district court in this respect, the district court on remand need not pursue the issues related to liability on the part of the city as far as the May 1979 failure to promote is concerned.

3. On remand the question for the district court to consider is whether either plaintiff was unlawfully discriminated against on the basis that Chief Watkins failed to recommend promotion of either of

them to any of the three particular vacancies in the Detective Division. We note that any discrimination for any reason claimed by the plaintiffs which occurred after the December 1980 trial is not a proper subject for consideration on remand.[5]

AFFIRMED IN PART AND REMANDED.

[5]. While we realize that the earlier panel opinion indicated that the question here was whether "but for" the filing of the law suit, the plaintiffs would have been promoted, we do not read this holding to mean that the chief could not take into account real and legitimate reasons and concerns caused by the pending litigation in not filling the vacancies. But neither could the chief, simply for the reason that the lawsuit was pending, deny either plaintiff a promotion which either would have otherwise received.

We further note that in the record before us, the city claims that there was only one, not three vacancies, in the Detective Division and the filling of that one vacancy was awaiting a new promotion list at the time of trial. The plaintiffs contest that evidence, claiming that the three vacancies did, in fact, exist. If the district court determines as matter of fact that no vacancies existed during the relevant period, that, of course, would end the matter.